UTICA,
Aug. 1824.
Gibbons
v.
Wendover.

In the matter of MARSH *against* WENDOVER, Sheriff of the city and county of NEW-YORK.

ON the 25*th* of *January*, 1823, *Gibbons* recovered judgment in this Court, against *W. Messerve*, for $1514,10. *Stamler*, on the same day, recovered a judgment, in this Court, against *Messerve*, for $1789,10. On the 22*d* of *February*, 1823, writs of *fi. fa.* issued on these judgments ; and on the 29*th April*, 1823, *Gibbons & Stamler* became joint purchasers for $600 of the real estate of *Messerve*. They received the Sheriff's certificate, by which they were entitled to a Sheriff's deed, on the 29*th July*, 1824.

Land passes by a general assignment under the insolvent act, and a creditor whose judgment against the insolvent is perfected after the assignment has no lien ; and, therefore, cannot redeem within the act, (sess. 43, ch. 184, s. 3.)

On the 24*th April*, 1823, *Stevens* recovered a judgment in the *New-York* Common Pleas, against *Messerve*, for $218,04, which was assigned in *August*, of the same year, to *Reed*.

On the 13*th May*, 1823, *Messerve* was discharged under the act to abolish imprisonment for debt in certain cases, (*sess.* 42, *ch.* 101) and *Stamler* became his assignee.

On the 25*th July*, 1823, *Stevens & Rindge* recovered judgment in the *New-York* Common Pleas, against *Messerve*, for $405,76, which, on the 16*th* of *February*, 1824, they assigned to *Marsh*. The judgment was upon a *relicta* and *cognovit*, reserving the exemption of *Messerve's* body.

On the 28*th July*, 1824, *Reed*, as the asrignee of *Stevens*, redeemed from *Gibbons & Stamler*, and on the same day *Marsh* redeemed from *Reed*.

*J. Leveridge & S. M. Hopkins*, moved for a mandamus, commanding the Sheriff to convey to *Marsh*. They contended, that the conveyence of the land, by the assignment under the insolvent act, or by operation of law, from *Messerve* to his assignees, would not prevent the judgment of *Stevens & Rindge* operating as a lien, though not recovered till after the assignment. The discharge was under the body act, and left the previous and future acqusitions of the insolvent liable to the judgment and execution of creditors. *Stamler*, being an assignee for all the creditors, was their trustee, and

could do no act to prejudice the rights of his *cestuy que trusts.* (*Cas. Eq. Abr.* 384.)

*J. Platt*, contra.

*Curia.* We think the assignment placed the property beyond the reach of the judgment, which was not a lien. *Marsh*, therefore, had no right to redeem, and the motion must be denied.

Motion denied.